Filed 3/8/22  Lauckhart v. County of Yolo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| RICHARD LAUCKHART, | |
| Plaintiff and Appellant, | C092354 |
| v. | (Super. Ct. No. CVPT-19-2714) |
| COUNTY OF YOLO, | |
| Defendant and Respondent. | |

Richard Lauckhart filed a petition for writ of mandate against Yolo County, asserting that the levy of a water fee violated Proposition 218 because it was not presented to the voters.  After taking judicial notice of official documents, the trial court granted Yolo County's demurrer without leave to amend and entered judgment of dismissal.

Lauckhart now contends the trial court erred in (1) taking judicial notice of facts contained in the official documents, and (2) denying leave to amend the petition.[1]  Finding no error, we will affirm the judgment.

---

[1]  The County argues Lauckhart's opening brief violated California Rules of Court, rule 8.204 because it did not contain a statement of appealability and did not summarize the significant facts.  While it is true the opening brief lacks a statement of appealability, there is no reasonable argument against appealability in this case.  Furthermore, the County's complaint about Lauckhart's failure to summarize facts can be traced to Lauckhart's contention the trial court improperly relied on facts contained in judicially

STANDARD OF REVIEW

" 'It is well established that a demurrer tests the legal sufficiency of the [petition]. [Citations.] On appeal from a dismissal entered after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the [petition] states a cause of action as a matter of law. [Citations.] We give the [petition] a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citations.] We deem to be true all material facts that were properly pled. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged. [Citation.] We may also consider matters that may be judicially noticed, but do not accept contentions, deductions or conclusions of fact or law. [Citation.]' [Citations.]" (*Vanacore & Associates, Inc. v. Rosenfeld* (2016) 246 Cal.App.4th 438, 445-446.)

BACKGROUND LAW AND FACTS

Section 6, subdivision (b)(4) of article XIII D of the California Constitution (section 6(b)(4)), adopted by voters as part of Proposition 218 in 1996, restricts an agency's authority to impose fees without submitting the fee to the voters. (*Howard Jarvis Taxpayers Assn. v. City of Roseville* (2002) 97 Cal.App.4th 637, 640-642.) Section 6(b)(4) provides: "No fee or charge may be imposed for a service unless that service is actually used by, or immediately available to, the owner of the property in question. Fees or charges based on potential or future use of a service are not permitted."

In *Capistrano Taxpayers Assn., Inc. v. City of San Juan Capistrano* (2015) 235 Cal.App.4th 1493 (*Capistrano*)), the Court of Appeal considered whether the cost of producing recycled water could be apportioned to all water customers, even those without

_____

noticed documents. To the extent the opening brief technically violated rule 8.204, we will disregard the nonprejudicial defects. (Cal. Rules of Court, rule 8.204(e)(2)(C).)

the ability to use the nonpotable water. The court held it did not contravene section 6(b)(4) for the city to charge a fee for the recycled water because providing different kinds of water (potable and nonpotable) to different customers was nevertheless providing the same ultimate service (water service) to all customers. (*Capistrano,* at p. 1502.) According to the court, nonpotable water for some customers frees up potable water for others. (*Ibid.*)

According to Lauckhart's petition for writ of mandate, he is a resident in the El Macero County Service Area (Service Area) in Yolo County.[2] The petition alleges Yolo County notified owners in the Service Area that it was going to levy a water fee on all owners to build a well "at some undefined point in the future for some as of yet unneeded future use." The petition further asserts: "The levy of the fee is not for a service actually used or readily available to [Lauckhart] or other owners in the [Service Area]. The [Service Area] water needs are presently, and into the foreseeable future, fully met by the City of Davis such that no wells are needed." The petition claims the water fee was subject to the Proposition 218 requirements for a public vote but that Yolo County had not complied with those requirements. The petition further alleges Lauckhart exhausted his administrative remedies, and it seeks an order vacating the water fee and barring Yolo County from levying any such fee without complying with Proposition 218's requirements.

Yolo County demurred to the petition for writ of mandate "on the ground that the Petition fails to state facts sufficient to constitute a cause of action against the County

---

[2] This is the second action involving the dispute between Lauckhart and Yolo County. In the first action (Yolo County case No. CV19-1565), Lauckhart filed a complaint for declaratory and injunctive relief. Yolo County demurred to the complaint, and the trial court sustained the demurrer with leave to amend. However, the trial court entered judgment against Lauckhart, directing him to refile the action as a petition for writ of mandate.

because (i) it fails to allege facts demonstrating Mr. Lauckhart exhausted his administrative remedies, and (ii) it fails to allege a violation of Proposition 218 (Cal. Const., art. XIII D)." In support of its demurrer, the County requested judicial notice of six documents:

- a resolution of the County Board of Supervisors filed July 11, 2019, setting the water fee challenged in this proceeding;

- an undated report prepared by County staff regarding a meeting held on July 9, 2019, concerning the Board of Supervisor's action to impose the water fee;

- a water use agreement dated November 22, 2016 between the County and El Macero Country Club allowing the County to use water from the country club to irrigate public medians and parks;

- another water use agreement dated November 22, 2016 between the County and El Macero County Club for the country club to maintain and operate Well EM-3;

- a report by the California Rural Water Association dated March 2019 concerning Well EM-3; and

- ballots from residents protesting the water fee.

Yolo County also requested judicial notice of video recordings of meetings of the Board of Supervisors on May 21, 2019 and July 9, 2019.

The trial court granted Yolo County's request for judicial notice. Drawing on facts gleaned from the judicially-noticed documents, the trial court sustained the demurrer, explaining:

"The County argues that the fee at issue is intended to fund maintaining an existing well in the [Service Area] as a present source of irrigation water and as a backup capital asset for the future, and to set aside reserves to replace the well when needed. In particular, the well (Well-EM3), as alleged by the County currently serves both the Country Club (as a member of the [Service Area]) and the rest of the [Service Area], as the Country Club operates the well, but the [Service Area] has a contractual right to

4

access non-potable water from that well for uses beyond the Country Club. To this end, according to the County, the fee complies with Proposition 218, no vote was required, and the demurrer should be sustained."

After discussing *Capistrano*, the trial court wrote: "Here, the well is a current source of non-potable water for one user of the [Service Area] (the golf course), which frees up potable water from within the system as a whole for other users (like Lauckhart) and serves as [an] important capital asset allowing options for future water supplies. This case is really no different than *Capistrano*. [¶] It is fundamental, as noted in *Capistrano*, that 'water' is part of a holistic distribution system that does not distinguish between potable and non-potable water. 'Water' means any system of public improvements intended to provide for the production, storage, supply, treatment or distribution of water from any source. [Citation.]"

Having sustained the demurrer without leave to amend, the trial court entered judgment of dismissal in favor of the Yolo County.

DISCUSSION

I

Lauckhart contends the trial court erred by relying on the facts contained in the judicially-noticed documents when it sustained Yolo County's demurrer.[3]

In ruling on the demurrer, the trial court accepted the truth of the facts contained in the judicially-noticed documents. For example, even though the petition alleged the Service Area levied a water fee on all owners to build a well "at some undefined point in the future for some as of yet unneeded future use," the trial court concluded the well in

---

[3] After briefing was complete, Yolo County filed a citation to new authority, citing *Julian Volunteer Fire Co. Assn. v. Julian-Cuyamaca Fire Protection Dist.* (2021) 62 Cal.App.5th 583 for the proposition that a party may forfeit a challenge to a trial court's taking judicial notice. However, Yolo County has not asserted on appeal that Lauckhart forfeited a challenge to the trial court's taking judicial notice.

5

question was Well EM-3, it was a current source of nonpotable water for the golf course, and such use freed up potable water for other users and served as a backup to the potable water. None of these facts came from the petition, but Lauckhart does not deny that his challenge relates to Well EM-3.

In support of its reliance on the facts contained in the judicially-noticed documents, the trial court wrote: "All of the records relied upon by the County to make this case before the Court are subject to judicial notice . . . . [All but one exhibit are] government records and [the remaining exhibit] is, on its face, a government sponsored record. There is no indicia of unreliability or dispute as to the facts set forth therein. This case is all about notice to the public. The court can rely on relevant, reliable, judicially noticed facts to determine whether the County provided lawful notice to the public of a lawful purpose of the fee. It is entirely permissible to grant judicial notice of the reliable facts outside the four corners of the petition when there is no legitimate dispute over the contents of the government records."

The trial court's reasoning for relying on undisputed facts contained in judicially-noticed documents finds support in precedent. As the court of appeal explained in *Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97 (*Fremont*), although the truth of statements contained in a judicially-noticed document are not subject to judicial notice if those matters are reasonably disputable, judicial notice of matters upon demurrer will be dispositive where there is no factual dispute concerning the matters judicially noticed. (*Id*. at pp. 113-114.)

On appeal, Lauckhart fails to show how the facts contained in the judicially-noticed documents may reasonably be disputed. Attempting to dispute those facts, he argues: "First, the residents of the [Service Area] do not use non-potable water. [Record citation.] Presumptively, the non-potable water was to be used to water Yolo County owned landscaping and medians. [Record citation.] There was no evidence contained in any document given judicial notice that, somehow, the levy of a charge to improve a well

6

that provides non-potable water to a golf course would somehow free up potable water to [Service Area] residents.  [Record citation.]"

The trial court addressed these arguments, citing *Capistrano*, and Lauckhart's argument fails for the reasons stated in *Capistrano* and the trial court's order.  Lauckhart attempts to distinguish *Capistrano* because that case was decided after a full trial, not on demurrer.  But the facts here (as contained in the judicially-noticed documents that Lauckhart fails to show are reasonably disputable) are analogous to the facts in *Capistrano*.  Providing different kinds of water (potable and nonpotable) to different customers is nevertheless providing the same ultimate service (water service) to all customers.

The trial court properly relied on the facts contained in the judicially-noticed documents because they are not reasonably disputable.  (*Fremont, supra*, 148 Cal.App.4th at p. 113.)  In light of our conclusion, we need not consider Yolo County's argument in its Respondent's Brief that the judgment must be affirmed because Lauckhart failed to allege facts sufficient to show he exhausted his administrative remedies.

## II

Lauckhart further contends the trial court improperly denied leave to amend the petition.

"[I]t is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment.  [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)  " '[W]hen [a demurrer] is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment . . . .' [Citation.]  A plaintiff has the burden to show what facts could be pleaded to cure defects in the complaint.  [Citation.]  To meet this burden on appeal, the plaintiff must enumerate

7

the facts and demonstrate how they establish a cause of action. [Citation.]" (*Stein v. Axis Ins. Co.* (2017) 10 Cal.App.5th 673, 681-682.)

Lauckhart argues he could amend the petition to allege (1) the provision of nonpotable water to some customers did not constitute a benefit to customers who can use only potable water, (2) a water charge for a well serving a golf country club does not benefit all customers equally, and (3) a water charge to improve future access to nonpotable water does not free up potable water for other customers.

The arguments lack merit because such allegations would not overcome a demurrer based on *Capistrano*. Accordingly, Lauckhart fails to establish the trial court abused its discretion by sustaining the demurrer without leave to amend.

DISPOSITION

The judgment is affirmed. Yolo County is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


/S/
MAURO, Acting P. J.


We concur:


/S/
HOCH, J.


/S/
RENNER, J.


8